# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **THEODORE ALCE**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:21-cv-548 |
| **COCA COLA BEVERAGES FLORIDA, LLC**, a Delaware limited liability company, | Judge: |
| | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **THEODORE ALCE** ("**ALCE**" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) and F.S. §440.205 for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, and (3) retaliation in violation of §440.205.

### PARTIES

2. The Plaintiff, **THEODORE ALCE** ("**ALCE**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida. At all material times, **ALCE** was employed by the Defendant as an order builder. **ALCE** performed work primarily in Lee County, Florida, which is within the Middle

1

District of Florida, during the events giving rise to this case. **ALCE** was an employee within the contemplation of the FMLA and §440.205. Venue for this action lies in the Middle District of Florida, Fort Myers Division.

3. The Defendant, **COCA COLA BEVERAGES FLORIDA, LLC** ("**COCA COLA**" or Defendant) is a Delaware limited liability company that employed **ALCE** in Lee County, Florida. The Defendant employs in excess of 50 employees, and was **ALCE**'s employer within the meaning of the FMLA and §440.205.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued primarily in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **ALCE** began his employment with the Defendant on September 24, 2019.

7. **ALCE** performed his assigned duties in a professional manner and was very well qualified for his position.

8. On or about January 19, 2020, **ALCE** suffered a workplace injury to his right knee, which he immediately reported. Medical treatment was authorized.

9. Thereafter, it was determined that the injury was more significant than first diagnosed and that he would require ongoing medical care and surgery to repair the damage to his knee, which surgery occurred on January 6, 2021.

10. Accordingly, **ALCE** informed the Defendant of his need to recover from knee surgery and for future time off for medical care, including procedures in April 2021.

11. However, the Defendant failed to offer **ALCE** any FMLA leave despite having knowledge that **ALCE** was FMLA-eligible and required ongoing medical care for his workplace injury.

12. The Defendant had knowledge of **ALCE**'s medical appointments because the Defendant is self-insured and administers its own worker's compensation claims, including the scheduling of treatment or evaluations with worker's compensation physicians.

13. The Defendant maintained a zero-tolerance 12-point time and attendance policy, whereby an employee who acquires 12-points in a rolling 12-month period is subject to termination.

14. The Defendant applied its 12-point policy to **ALCE** despite the fact that his absences were known to the Defendant to be for treatment of his worker's compensation injury, which is a serious health condition and thus FMLA-qualifying.

15. On April 27, 2021, the Defendant issued **ALCE** final written discipline due to him missing time from work for treatment of his worker's compensation injury, which is a serious health condition and thus FMLA-qualifying.

16. By that date, the Defendant had assigned **ALCE** 10-points for a mere 2-days absent from work and only 5-days where he had to arrive late or leave early in order to obtain medical care for his workplace injury, which the Defendant had knowledge of.

17. **ALCE** objected to this discipline, specifically citing that the Defendant knew his time off was for treatment of his worker's compensation injury.

18. On June 3, 2021, **ALCE** was en route to work when he received a phone call that his wife, child and mother-in-law had been involved in a car accident and were being transported to a local hospital.

19. **ALCE** immediately tried to call his supervisor, but was unsuccessful; nevertheless, he still arrived at work, and immediately informed his supervisor, who told him that family comes first and that he should leave work to be with them at the hospital.

20. Unbeknownst to **ALCE**, the Defendant then terminated his employment that day after ascribing him another 2-points for what it called an "unexcused absence."

21. Consequently, the Defendant discriminated and retaliated against **ALCE** by terminating his employment due to his exercising his right to take FMLA leave, and further retaliated against him for exercising his rights under F.S. §440.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

22. The Plaintiff hereby incorporates by reference Paragraphs 1-21 in this Count by reference as though fully set forth below.

23. **ALCE** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he himself began suffering from a serious health condition (and as had his hospitalized family), had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

24. **ALCE** informed the Defendant of his likely need for leave for his own serious health condition and his family's.

25. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days,

absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

26. If the Defendant were to have decided that **ALCE**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

27. The Defendant has never provided **ALCE** with any notice disqualifying his FMLA leave.

28. In fact, the Defendant should have determined that **ALCE** was eligible for leave under the FMLA and yet refused to allow him leave and return him to work, thus terminating his employment because of his request for federally protected medical leave.

29. **ALCE** engaged in activity protected by the FMLA when he requested leave due to a serious health condition, consistently informing the Defendant of the same.

30. The Defendant knew, or should have known, that **ALCE** was exercising his rights under the FMLA and was aware of **ALCE**'s need for FMLA-protected absence.

31. **ALCE** complied with all of the notice and due diligence requirements of the FMLA.

32. The Defendant was obligated, but failed, to allow **ALCE** to take FMLA leave and to return **ALCE**, an employee who requested and took FMLA

leave, to his former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

33. A causal connection exists between **ALCE**'s request for FMLA-protected leave and his termination from employment with the Defendant because the Defendant denied **ALCE** a benefit to which he was entitled under the FMLA.

34. As a result of the above-described violations of FMLA, **ALCE** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

35. The Plaintiff hereby incorporates by reference Paragraphs 1-21 in this Count by reference as though fully set forth below.

36. **ALCE** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he suffered from a serious health condition (and as had his hospitalized family), the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **ALCE** worked more than 1,250 hours in the preceding 12-months of employment with the Defendant.

37. **ALCE** informed the Defendant of his need for leave due to his serious health condition and his family's.

38. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

39. If the Defendant were to have decided that **ALCE**'s expected absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

40. The Defendant has never provided **ALCE** with any notice disqualifying his FMLA leave.

41. In fact, the Defendant determined that **ALCE** was eligible for leave under the FMLA but then terminated his employment because of his request for federally protected medical leave and reinstatement.

42. **ALCE** engaged in activity protected by the **FMLA** when he requested leave due to his serious health conditions (and his family's) and reinstatement, consistently informing the Defendant of the same.

43. The Defendant knew that **ALCE** was exercising his rights under the FMLA.

44. **ALCE** complied with all of the notice and due diligence requirements of the FMLA.

45. A causal connection exists between **ALCE**'s request for FMLA-protected leave and reinstatement and the Defendant's termination of his employment.

46. The Defendant retaliated by altering the terms and conditions of **ALCE**'s employment by terminating **ALCE**'s employment because he engaged in the statutorily protected activity of requesting, taking and demanding reinstatement from FMLA leave. The Defendant terminated him because he engaged in this statutorily protected activity.

47. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **ALCE**'s employment because he engaged in activity protected by the FMLA.

48. As a result of the above-described violations of FMLA, **ALCE** has been damaged by the Defendant in the nature of lost wages, salary, employment

benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

### COUNT III – UNLAWFUL RETALIATION UNDER F.S. § 440.205, WORKER'S COMPENSATION RETALIATION

49. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

50. **ALCE** was injured on the job and required medical treatment.

51. **ALCE** promptly reported the worker's compensation injury to the Defendant and a worker's compensation claim was filed.

52. **ALCE** required ongoing and future medical treatment, which was compensable due to his injury occurring in the workplace.

53. Prior to his termination, **ALCE** required future leave in order to receive treatment for his workplace injury.

54. The Defendant then terminated **ALCE** as a direct result of the same.

55. Prior to his worker's compensation injury, **ALCE** had received consistently good performance reviews and had not been subjected to discipline.

56. **ALCE**'s filing of a worker's compensation claim, workplace injury and need for treatment for his workplace injury are the direct and proximate causes of the Defendant's termination of his employment.

57. As a direct and proximate result of the Defendant's actions that violate Florida Statute § 440.105, **ALCE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with back pay, front pay, non-economic damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **THEODORE ALCE**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: July 19, 2021  **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com